UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT BURCH,                                            :

                                                     :

                Plaintiff,                                06 Civ. 7022 (LAP) (GWG)
                                                   :

   -against-                                                      **REPORT AND**
                                                   :         **RECOMMENDATION**
THOMAS NYARKO , doing business as
BLACK STAR TRAVEL AND TOURS,        :

                Defendant.                       :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I. BACKGROUND

      On September 12, 2006, plaintiff Robert Burch filed a complaint against defendant "Thomas Nyarko doing business as Black Star Travel and Tours." The complaint alleges that Nyarko made and displayed unauthorized copies of Burch's photographs on the Black Star Travel and Tours website. The complaint seeks damages and injunctive relief for copyright infringement under 17 U.S.C. §§ 101 et seq. See Complaint, filed Sept. 12, 2006 (Docket #1) ("Compl.") ¶¶ 1, 6-35 (Docket #1).

      Nyarko was served with the complaint, see Affidavit of Service, filed Oct. 19, 2006 (Docket #3), but did not answer. On December 28, 2006, the district court entered an Order stating that a default judgment would be entered against Nyarko. See Order (Docket #8). The case was then referred to the undersigned for an inquest regarding damages. See Order of Reference to a Magistrate Judge, filed Jan. 31, 2007 (Docket #9).

      By Order dated February 2, 2007, this Court directed Burch to make submissions supporting his request for damages against Nyarko. See Scheduling Order for Damages Inquest

(Docket #10) ("Scheduling Order"), ¶ 1.  The Order also notified both parties that, absent a request from either side that the Court hold a hearing, the Court would conduct its inquest regarding damages based solely upon the parties' written submissions.  Id. ¶ 3.  A copy of the Order was mailed to Nyarko at his address of service.

In response, Burch submitted a declaration and Proposed Findings of Fact and Conclusions of Law seeking to recover statutory damages in the amount of $600,000 and attorney's fees and costs in the amount of $19,229.20.  See Proposed Findings of Fact, filed Mar. 23, 2007 (Docket #12) ("Proposed Findings"), ¶ 29; Proposed Conclusions of Law (attached to Proposed Findings); Certification of Ronald D. Coleman (attached as Ex. E to Proposed Findings) ("Coleman Aff.").  The Court gave Nyarko until April 18, 2007, to submit any response, see Scheduling Order ¶ 2, but Nyarko did not avail himself of this opportunity.

Neither party has requested a hearing on the issue of damages.  The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence "as long as [the Court has] ensured that there was a basis for the damages specified in [the] default judgment."  Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); accord Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2d Cir. 1991), cert. denied, 503 U.S. 1006 (1992).  As Burch's submissions provide such a basis, no hearing is required.  The following findings of fact and conclusions of law are based on those submissions.  In addition, in light of Nyarko's default, Burch's properly-pleaded allegations, except those relating to damages, are accepted as true.  See, e.g., Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993) ("factual allegations are taken as true in light of the general default judgment"); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506

U.S. 1080 (1993); Time Warner Cable v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998).

II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

    A. Facts Relating to Liability

Robert Burch is a professional photographer doing business as Robert Burch Communications and resides in Quebec, Canada. See Compl. ¶ 4. Thomas Nyarko owns a travel agency named Black Star Travel and Tours, which is located at 3832 White Plains Road, Bronx, NY 10467. Id. ¶ 5.

Burch owns the copyright in four photographs that he took in Ghana. Id. ¶¶ 7, 11-13; id. Ex. B (copyright registration). Three of the photographs were used on the first page of Black Star Travel and Tours' website "as part of a changing photo montage set to music." Id. ¶ 16. On the inside of the website, there was a fourth photograph plus a smaller, altered version of one of the first three. Id. ¶ 17. These photographs were used without permission on the website for up to seven months. Id. ¶¶ 21, 24.

When Burch contacted Nyarko in June 2006 to inform him that he would have to pay a fee for past usage of the photographs, Nyarko "became very agitated and began using abusive language, including a number of expletives, and concluded with the admonishment to 'never call [his] office again.'" Id. ¶ 20 (alteration in the original). Burch then sent Nyarko a bill for the usage of the photographs by certified mail. Id. ¶ 22. Nyarko did not claim this mailing at the post office. Id. A second bill was sent registered and "regular" mail and an attempt was made to make personal delivery. Id. ¶ 25. Delivery was refused but the mailing by "first-class mail" was not returned. Id. ¶¶ 25-26.

The photographs were still on the website a month after the initial phone call from Burch.

3

Id. ¶ 24.  Eventually, the website went off-line.  Id. ¶ 28.

    B.  Statutory Damages

        1.  Applicable Law

Under the Copyright Act, a party may obtain either actual damages and profits or, if the party elects, statutory damages.  See 17 U.S.C. § 504(a).  Burch has elected to receive statutory damages.  The statute provides for statutory damages in an amount of at least $750 per infringing work up to a maximum of $30,000 per infringing work.  See 17 U.S.C. § 504(c)(1).  In addition, a court may award an enhanced recovery of up to $150,000 per infringing work if the infringement was wilful.  Id. § 504(c)(2).

Generally, "the total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers, regardless of the number of infringements of those works."  WB Music Corp. v. RTV Commc'n Group, Inc., 445 F.3d 538, 540 (2d Cir. 2006) (citations omitted).  In other words, "[section] 504(c)(1) disassociates the award of statutory damages from the number of infringements by stating that 'an award' (singular tense) of statutory damages is available for 'all infringements involved in the action' regarding any one work."  Id.

Here, there are four infringing photographs.  See Compl. ¶¶ 16-17.  There is some question as to whether they should be treated as four separate works, however, since they were registered together in a single copyright registration and apparently were originally printed in a single brochure.  See Proposed Findings ¶¶ 7, 16-17; Certificate of Registration, dated Apr. 15, 1995 (attached at Ex. B of Compl.).  It is not necessary to reach this question, however, as it would have no bearing on the Court's view of an appropriate statutory award in this case.

To set the amount of the statutory damage award, courts generally look to the following factors under the Copyright Act: (1) "the expenses saved and the profits reaped," (2) "the revenues lost by the plaintiff," (3) "the value of the copyright," (4) "the deterrent effect on others besides the defendant," (5) "whether the defendant's conduct was innocent or willful," (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced," and (7) "the potential for discouraging the defendant." Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc., 807 F.2d 1110, 1117 (2d Cir. 1986); accord Eros Entm't, Inc. v. Melody Spot, L.L.C., 2005 WL 4655385, at *10 (E.D.N.Y. Oct. 11, 2005).

    2. Burch's Request

Burch seeks $600,000 in statutory damages – that is, $150,000 for each of the four photographs. See Proposed Findings ¶ 29. Burch bases this request in part on the assertion that he lost $55,017.40 in revenue. This figure, however, is unsupported by any admissible evidence, such as an affidavit. Instead, it is supported only by the invoice Burch originally sent to Nyarko. Because this invoice is before the Court only as an exhibit to the complaint, it cannot be considered in this application. See Greyhound Exhibitgroup, Inc., 973 F.2d at 158 (a party's default is "not considered an admission of damages").

Case law reflects a wide range of awards where there have been infringing uses of photographs. See, e.g., Van Der Zee v. Greenidge, 2006 WL 44020, at *1-3 (S.D.N.Y. Jan. 6, 2006) (where defendants published two photographs in a book and plaintiff normally charged $1,500 per photograph, court awarded $6,000, plus $5,000 in enhanced statutory damages in default judgment); Wilen v. Alternative Media Net, Inc., 2004 WL 2823036, at *1-2 (S.D.N.Y.

5

Dec. 3, 2004) ($140,000 in damages awarded in default judgment for seven photographs) (Report and Recommendation), adopted by, 2005 WL 167589 (S.D.N.Y. Jan. 26, 2005); Suze Randall Photography v. Reactor, Inc., 2000 WL 679922, at *1 (N.D.Ill. May, 12 2000) ($150,000 in damages awarded in default judgment for 11 photographs); E. Am. Trio Prods., Inc. v. Tang Elec. Corp., 97 F. Supp. 2d 395, 414-15, 419 (S.D.N.Y. 2000) ($12,500 per photograph).

Here, there was some revenue lost to plaintiff, even if the record contains no admissible evidence as to the amount. Certainly, any award must be elevated enough to deter others from engaging in infringement and to discourage Nyarko from doing this again in the future. In addition, Nyarko's conduct – reflected in his refusal to talk to Burch, to remove the photographs promptly from the website, and to respond to this suit – supports a finding of wilfulness under 17 U.S.C. § 504(c)(2), permitting an award of up to $150,000 per infringing work. See, e.g., Van Der Zee, 2006 WL 44020, at *3 (wilful infringement inferred in part based on defendant's "failure to appear and defend the action.") (citing Granada Sales Corp. v. Aumer, 2003 WL 21383821, at *3 (S.D.N.Y. June 2, 2003)). In light of the factors evaluated in assessing statutory damages, a substantial award is warranted. Having considered the amounts courts have awarded in other cases involving photographs, the Court concludes that an award of $15,000 per photograph, or $60,000 for the four photographs, would be appropriate.

    C. Fees and Costs

Under the Copyright Act, a court may in its discretion award costs and reasonable attorney's fees. See 17 U.S.C. § 505. The factors normally used to guide a court's exercise of discretion in this area include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to

advance considerations of compensation and deterrence." See Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1011 (2d Cir. 1995) (factors). Given Nyarko's default, the Court does not have the information to apply all these factors. Accordingly, we make every inference against Nyarko as to these matters. In addition, a defendant's default "merits an inference of willfulness" and "thus supports an award of attorney's fees on plaintiff's copyright claim." Warner Bros. Entm't, Inc. v. Carsagno, 2007 WL 1655666, at *7 (E.D.N.Y. June 4, 2007).

In New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983), the Second Circuit held that a party seeking an award of attorney's fees must support the request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." Id. at 1148. The fee applicant bears the burden of establishing the reasonableness of the hourly rates requested — specifically, by producing satisfactory evidence that the requested rates are in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

Burch's attorney has offered a summary of contemporaneous time records containing the required elements. See Ex. E to Coleman Aff. These records, however, include time for a number of attorneys for whom no information is given. Indeed, these attorneys are identified only by initials, not by name, and there is no evidence – other than a single conclusory statement, see Coleman Aff. ¶ 10 – as to their experience or reasonable billing rates.

The one exception are the hours attributable to Ronald D. Coleman. With respect to Mr. Coleman's time, the records reflect that he spent eight hours on this case and that there is justification for his rate of $410 per hour. See Coleman Aff. ¶¶ 10-11. Accordingly, $3,280 should be awarded in attorney's fees, plus costs of $585.70.

D. <u>Summary of Award</u>

In sum, the total award should be as follows:

| | |
|---|---:|
| Statutory damages: | $ 60,000.00 |
| Attorney's Fees: | $ 3,280.00 |
| Costs: | $ 585.70 |
| Total: | $ 63,865.70 |

<u>Conclusion</u>

For the reasons set forth above, the Court recommends that Burch be awarded judgment against Nyarko in the amount of $ 63,865.70.[1]

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. <u>See</u> also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Loretta A. Preska, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Preska. If a party fails to file timely objections, that party will not be permitted to raise any objections to this

---

[1] While Burch's complaint seeks an injunction, <u>see</u> Compl. at 8., none of Burch's papers submitted in support of his application for a default judgment discuss the request for an injunction. Accordingly, no injunction should issue. <u>See generally</u> J & J Sports Prods., Inc. v. Vasquez, 2006 WL 2583740, at *6 (E.D.N.Y. Sept. 7, 2006) (no injunction issued where "[p]laintiff has not submitted any evidence that it will suffer irreparable harm or that the plaintiff's legal remedy of statutory damages, attorney's fees and costs are insufficient to deter future conduct."); <u>Kingvision Pay-Per-View, Ltd. v. Lalaeo</u>, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006) (same).

Report and Recommendation on appeal.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

Dated: June 15 2007
      New York, New York

                                                 GABRIEL W. GORENSTEIN
                                                 United States Magistrate Judge

Copies sent to:

Ronald David Coleman
Brager, Wexler & Eaglel, P.C.
885 Third Avenue, Suite 6040
New York, NY  10022

Thomas Nyarko
Black Star Travel and Tours
3832 White Plains Road
Bronx, NY 10467

Hon. Loretta A. Preska
United States District Judge

Report and Recommendation on appeal.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

Dated: June 15, 2007
      New York, New York

                                       GABRIEL W. GORENSTEIN
                                       United States Magistrate Judge

Copies sent to:

Ronald David Coleman
Brager, Wexler & Eaglel, P.C.
885 Third Avenue, Suite 6040
New York, NY  10022

Thomas Nyarko
Black Star Travel and Tours
3832 White Plains Road
Bronx, NY 10467

Hon. Loretta A. Preska
United States District Judge

9