```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ROBERT BURCH,

                    Plaintiff,        :  06 Civ. 7022(LAP)(GWG)
                                       :
          -against-                    :  ORDER ADOPTING REPORT
                                       :  AND RECOMMENDATION
                                       :
THOMAS NYARKO, doing business as       :
BLACK STAR TRAVEL AND TOURS,           :
                                       :
                    Defendant.         :
                                       :
------------------------------------x
```

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 7/31/07

LORETTA A. PRESKA, United States District Judge:

On September 12, 2006, Plaintiff Robert Burch ("Plaintiff") filed a complaint (the "Complaint") against Defendant "Thomas Nyarko doing business as Black Star Travel and Tours." The Complaint alleges that Nyarko made and displayed unauthorized copies of Burch's photographs on the Black Star Travel and Tours website. (See Complaint, dkt. no. 1], ¶¶ 16-23.) Plaintiff seeks damages and injunctive relief for copyright infringement under 17 U.S.C. §§ 101 et seq.

Defendant Nyarko was served with the Complaint, see Affidavit of Service, filed October 19, 2006 [dkt. no. 3] but did not answer. On December 28, 2006 this Court entered an Order stating that a default judgment would be

entered against Nyarko. (See Order, dated December 28, 2006 [dkt. no. 8].) The matter was referred to Honorable Gabriel W. Gorenstein to conduct an inquest as to damages. (See Order of Reference to Magistrate Judge, filed January 31, 2007, [dkt. no. 9].)

By order dated February 2, 2007, Judge Gorenstein directed Plaintiff to make submissions supporting his request for damages against Defendant Nyarko. (See Scheduling Order for Damages Inquest, [dkt. no. 10] ("Scheduling Order").) The Scheduling Order also notified both parties that, absent a request from either side that the Court hold a hearing, the Court would conduct its inquest regarding damages based solely upon the parties' written submissions. (Id. ¶ 3.) A copy of the Scheduling Order was mailed to Defendant Nyarko at his address of service.

In response to the Scheduling Order Plaintiff submitted a declaration and Proposed Findings of Fact and Conclusions of Law seeking to recover statutory damages in the amount of $600,000 and attorney's fees and costs in the amount of $19,229.20. (See Proposed Findings of Fact, filed March 23, 2007 [dkt. no. 12]("Proposed Findings"), ¶ 29; Proposed Conclusions of Law; Certification of Ronald D. Coleman (attached as Ex. E to Proposed Findings), ("Coleman

Aff."). Defendant Nyarko failed to submit any response to Plaintiff's submissions and neither party requested a hearing on the issue of damages.

On June 15, 2007, Judge Gorenstein issued a report (the "Report") recommending that Plaintiff be awarded $63,865.70 in damages. Judge Gorenstein found that there was some revenue lost to Plaintiff, even if the record contained no admissible evidence as to the amount. Judge Gorenstein also found that Defendant Nyarko's conduct throughout this action – reflected in his refusal to talk to Plainitff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504(c)(2), which permits an award of up to $150,000 per infringing work. Judge Gorenstein, after evaluating the amounts that courts have awarded in other cases involving photographs and examining the facts of this case, concluded that an award of $15,000 per photograph, or $60,000 for the four photographs, would be appropriate.

Under the Copyright Act, a court may in its discretion award costs and reasonable attorney's fees. See 17 U.S.C. § 505. The factors normally used to guide a court's exercise of discretion in this area include "frivolousness, motivation, objective unreasonableness (both in the factual

and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." See Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1011 (2d Cir. 1995)(factors). Based on Defendant Nyarko's default, Judge Gorenstein made every inference against Nyarko as to those matters. Judge Gorenstein evaluated the time records for Plaintiff's attorneys and found that the only hours for which the evidence was sufficiently clear and supported were the hours attributable to Ronald D. Coleman. (See Report, p. 7.) Citing to Mr. Coleman's Affirmation, Judge Gorenstein found that the records reflected that Mr. Coleman spend eight hours on the case and that there was justification for his rate of $410 per hour. (Id. citing Coleman Aff. ¶¶ 10-11.) Thus, Judge Gorenstein concluded that an amount of $3,280 for attorney's fees was appropriate plus costs of $585.70.

On June 15, 2007, Judge Gorenstein calculated the sum of the award owed to Plaintiff in this action to be $63,865.70. The parties were given ten days from the date thereof to submit objections thereto.

The parties having failed to file any objections to the Report, I find the Report to be well-reasoned and thoroughly grounded in the law. Accordingly, it is hereby

4

ORDERED that the Report be adopted in its entirety and that judgment be entered. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:   New York, New York
              July 30, 2007

_____
LORETTA A. PRESKA U.S.D.J.